IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT LYNN MCCARVER | § | |
| VS. | § | CIVIL ACTION NO. 5:16cv97 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Lynn McCarver, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket No. 1.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus be dismissed as barred by limitations. Docket No. 25 at 6.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Docket No. 27. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes petitioner's objections should be overruled. Petitioner's objections address the merits of his grounds for review asserted in his petition. However, the petition was recommended for dismissal based on the one-year limitations period having expired before the petition was filed.

In this regard, petitioner also argues a fundamental miscarriage of justice would result from this Court's refusal to consider his ineffective assistance of counsel claims because an innocent person would remain in prison. In *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013), the Supreme Court resolved a split among circuit courts by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin,* 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)). The Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id*. However, to utilize the court-created gateway, a petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" when attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). *McQuiggin* also held that an unjustifiable delay on the part of a habeas petitioner, while not "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id*.

Here, petitioner does not rely on newly discovered evidence, nor does he explain his unjustifiable delay. The evidence on which petitioner relies was known or reasonably could have been discovered at the time of his guilty plea. Further, petitioner has not explained the delay of almost 16 months after his conviction became final before he filed this petition. Accordingly, petitioner's objections should be overruled.

Petitioner is also not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not

novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

Thus, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 28th day of February, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE